# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION**

| | | |
|---|---|---|
| Stephen T. Anderson v. Compass Bank, | ) | |
| N.D. Florida, C.A. No. 1:10-208 | ) | MDL No. 2036 |

## TRANSFER ORDER

**Before the Panel:**[*]  Defendant Compass Bank in this Northern District of Florida action (*Anderson*) has moved, pursuant to Rule 7.1, to vacate the respective portion of the Panel's order conditionally transferring the action for inclusion in MDL No. 2036.  Plaintiffs' Lead Counsel and Plaintiffs' Executive Committee in the MDL oppose the motion, as does the *Anderson* plaintiff.

After considering all argument of counsel, we find that this action involves common questions of fact with the overdraft actions in this litigation previously transferred to the Southern District of Florida, and that transfer of this action to the Southern District of Florida for inclusion in MDL No. 2036 before Judge James Lawrence King will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.  We further find that transfer of this action is appropriate for the reasons that we set out in our original order directing centralization in the Southern District of Florida of actions sharing "factual questions relating to the imposition of overdraft fees by various bank defendants on their customer[s'] checking accounts in a manner to maximize those fees."  *See In re Checking Account Overdraft Litig.*, 626 F.Supp.2d 1333, 1335 (J.P.M.L. 2009).

In opposing transfer, Compass Bank argues, *inter alia*, that it has a unique system for posting debit transactions[1] and that its disclosures differ from those of other banks already in the MDL. However, we considered such issues in making our decision to centralize overdraft actions against different bank defendants in a single docket, and we expressly recognized that the original cases, and those that followed, might present "some unique questions of fact from bank-to-bank."  *See id*. Notwithstanding any differences that *Anderson* may present, similar or identical allegations to those found in the *Anderson* complaint can be found in most, if not all, of the previously-centralized actions.

---

[*]      Judge Kathryn H. Vratil took no part in the disposition of this matter.

[1]      A central issue in the MDL is whether the defendant banks attempted to maximize overdraft fees by posting debits to customer accounts in a non-chronological and/or largest to smallest order.

- 2 -

Compass Bank further argues that transfer of *Anderson* would "implicate[] constitutional concerns," contending that defendant banks already in the MDL "have been required to disregard their factual and legal differences, instructed to file omnibus motions despite [such] differences, and been subject to 'what I said before' orders that reflect absolutely no examination into the individualized facts necessary to decide the issues involved." Compass Bank Brief at 6. In particular, the bank contends, the transferee judge would deprive it of its right to present "every available defense." *See Lindsey v. Normet*, 405 U.S. 56, 66 (1972).

An argument such as this should not be made lightly, and certainly should be supported by strong grounds. We do not find any such support here. Compass Bank has not identified a single instance in which Judge King has deprived a defendant already in the MDL of the ability to present a defense. Indeed, the record demonstrates, if anything, that the judge has worked tirelessly to manage this complex, multi-defendant litigation, and that he continues to afford every party in the MDL a full and fair opportunity to litigate their cases before him. We emphatically reject Compass Bank's argument.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the Southern District of Florida and, with the consent of that court, assigned to the Honorable James Lawrence King for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

David R. Hansen                    W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.              Barbara S. Jones
Paul J. Barbadoro

Certified to be a true and correct copy of the document on file Steven M. Larimore, Clerk, U.S. District Court Southern District of Florida

By _Graciela Gomez_
                              Deputy Clerk
Date _02/08/2011_